## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## LONDON DIVISION

| | | |
|---|---|---|
| **JONATHAN PHELPS, individually and on behalf of all others similarly situated** | : : : | **Judge:** **Magistrate:** |
| Plaintiff, | : : | **[FORMERLY CIRCUIT COURT CASE NO. 22-CI-00328]** |
| v. | : : | **NOTICE OF REMOVAL** |
| **TOYOTETSU NORTH AMERICA** | : : |  **(Filed Electronically)** |
| Defendant. | : | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Toyotetsu North America ("Toyotetsu"), provides this Notice of Removal of this action to the United States District Court for the Eastern District of Kentucky, and respectfully represents:

1. On or about April 14, 2022, Jonathan Phelps ("Plaintiff") commenced a class action suit in the Pulaski Circuit Court, Commonwealth of Kentucky, entitled *Phelps v. Toyotetsu North America*, Civil Action No. 22-CI-00328 ("Action").

2. Plaintiff purports to bring the Action on behalf of himself and all others similarly situated (i.e., a putative class). Compl. *passim*.

3. Plaintiff claims he and the putative class suffered various forms of injury and damages because of a data security incident whereby unauthorized third parties launched a cyberattack against Defendant's data network. *See generally* Compl. ¶¶ 1-2.

4. The Complaint asserts these counts: Negligence (Count I), Breach of Implied Contract (Count II), Unjust Enrichment (Count III), and Negligence *per se* (Count IV).

5. Service of process was made on Toyotetsu on April 15, 2022, through its registered agent, Gregory Cowan. *See* Kentucky Clerk of Courts Dkt. Exhibit A.

6. Pursuant to 28 U.S.C. § 1441, Toyotetsu seeks removal of the Action from Pulaski Circuit Court to the United States District Court for the Eastern District of Kentucky. *See also* 28 U.S.C. § 97. This Court has original jurisdiction pursuant to the Class Action Fairness Act (28 U.S.C. § 1332(d)) ("CAFA") because, as Plaintiff admits (Compl. ¶ 13):

> The amount in controversy exceeds the sum of $5,000,000 exclusive of interest and costs, there are more than 100 putative class members, and minimal diversity exists because many putative class members are citizens of a different state than Defendant.

7. Plaintiff also agrees federal jurisdiction is appropriate under 28 U.S.C. § 1367(a) "because all claims alleged herein form part of the same case or controversy." Compl. ¶ 13.

## JURISDICTION UNDER CAFA

8. This Court has original jurisdiction over the Action pursuant to CAFA because: (i) minimum diversity is admitted, (ii) the number of putative class members exceeds 100, and (iii) the amount in controversy exceeds $5,000,000. 28 U.S.C. §§ 1332(d)(2), (d)(5).

9.. Again, Plaintiff readily concedes and rightly avers facts demonstrating all three requirements for CAFA jurisdiction are present. Compl. ¶ 13.

10. Concerning minimum diversity, Defendant is a Kentucky corporation with its principal place of business in Kentucky. Compl. ¶ 14. Plaintiff avers "many putative class members are citizens of a different state than Defendant." Compl. ¶ 13. This is all that is needed for CAFA diversity. 28 U.S.C. §§ 1332(d)(2)(A) (prong met when "any member of a class of plaintiffs is a citizen of a State different from any defendant").

11. Concerning class size, Plaintiff contends the cyberattack affected "approximately 12,450 individuals," and on that basis, Plaintiff asserts the Action meets the numerosity

2

requirement for class status. Compl. ¶ 86. The number of putative class members exceeds, by thousands, the 100-class member threshold for CAFA jurisdiction. 28 U.S.C. § 1332 (d)(5)(B).

12. Concerning the amount in controversy, Plaintiff states it exceeds, excluding interest and costs, $5,000,000. Compl. ¶ 13. And in support, Plaintiff contends he and the putative class, more than 12,000 supposed members, suffered an array of purported damages, including amounts associated with "identity theft, loss of value of their PII, out-of-pocket expenses and the value of their time reasonably incurred," as well as "punitive damages" and damages arising from contractual breach. Compl. ¶¶ 2, 110, 124. *See id.* ¶ 125 (class is "entitled to compensatory and consequential damages").[1] The amount in controversy satisfies CAFA. 28 U.S.C. § 1332(d)(2). *See also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (finding "only a plausible allegation" of the amount of controversy is required in noticing removal).

## DEFENDANT HAS MEET ALL OTHER REMOVAL REQUIREMENTS

13. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Toyotetsu in the Action are attached at Exhibit A and B, including the Complaint.

14. As required by 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after service of a summons or the Complaint on Defendant.

15. Consistent with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal promptly will be filed with the Clerk of Court for the Pulaski Circuit Court, Commonwealth of Kentucky, and written notice shall be given promptly to Plaintiff, the adverse party.

16. Venue is proper for purposes of removal in this Court because Pulaski County,

---

[1] *See also Hayes v. Equitable Energy Res. Co.,* 266 F.3d 560, 572 (6th Cir. 2001) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered" (citation omitted)).

Kentucky is found within the Eastern District of Kentucky. *See* 28 U.S.C. § 97. This federal judicial district embraces the place, the Pulaski Circuit Court, where the Action is pending. 28 U.S.C. §§ 1441(a) and 1446(a).

17. Through this notice, Defendant reserves all defenses, objections, and exceptions to the Action, including but not limited to objections to service and personal jurisdiction. Defendant also does not intend and denies any admission of law, liability, or damages in connection with the Action and reserves all of its rights to defend, including through appropriate motion, defenses, pleas, and challenges to contentions of fact.

## CONCLUSION

Having provided a sufficient "short and plain statement of the grounds for removal" and having met all other conditions and procedures for removal to federal district court, this Action should be removed from the Pulaski Circuit Court to the United States District Court for the Eastern District of Kentucky.

Dated: May 13, 2022

Respectfully,

/s/ R. Morgan Salisbury
Judd R. Uhl (89578)
R. Morgan Salisbury (94922)
Lewis Brisbois Bisgaard & Smith, LLP
250 E. Fifth Street, Suite 2000
Cincinnati, OH  45202
judd.uhl@lewisbrisbois.com
morgan.salisbury@lewisbrisbois.com
Phone: (513) 808-9911
*Attorneys for Toyotetsu North America*

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2022, I served a copy of the foregoing via electronic filing in the ECF system.

>*/s/ R. Morgan Salisbury*
>Judd R. Uhl (89578)
>R. Morgan Salisbury (94922)