UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JONATHAN PHELPS, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | Civil Action No. 6:22-CV-106-CHB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER PRELMINARILY** |
| TOYOTETSU NORTH AMERICA, | ) | **APPROVING CLASS ACTION** |
| | ) | **SETTLEMENT** |
| Defendants. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement. [R. 37].

Named Plaintiff and proposed Class Representative, Jonathan Phelps, moves the Court to approve the Rule 23 Settlement in this action and seeks the following relief: (1) For certification, for settlement purposes only, of a settlement class (the "Settlement Class" or "Rule 23 Class") pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3); (2) For appointment, for settlement purposes only, of Named Plaintiff Jonathan Phelps as Class Representative; (3) For appointment, for settlement purposes only, of Terence R. Coates, Jonathan T. Deters, and Dylan J. Gould of the law firm Markovits, Stock & DeMarco, LLC and Joseph B. Venters of Venters Law Office as Class Counsel for the Rule 23 Class; (4) For preliminary approval of the Settlement Agreement with regard to the Parties' Rule 23 Class (the "Rule 23 Settlement"); (5) For approval of Atticus Administration to act as the settlement claims administrator and to send

the Rule 23 Class Members a proposed Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Class Notice") and a proposed Opt-Out Statement (collectively "Notice Materials"); and (6) to schedule a Fairness Hearing pursuant to Fed. R. Civ. P. 23(e) for final approval of the Settlement, consistent with the Parties' proposed time frame. *See generally id.* Phelps' Motion also notes that he will separately seek an award of attorneys' fees not to exceed one-third of the Settlement Fund. *Id.* at 7.

For the reasons set forth below and for purposes of settlement only, the Court will certify the settlement class, appoint the Named Plaintiff as Class Representative, appoint the aforementioned attorneys as Class Counsel, approve of Atticus Administration to act as settlement claims administrator and to send out Class Notice Materials pending resolution of the attorneys' fees issue, and preliminarily approve the Settlement Agreement for the Rule 23 Class.

## I.    Background

In October 2021, an unknown cyber criminal infiltrated Defendant Toyotetsu North America's network and stole the personally identifiable information (PII) of 12,453 current or former employees. [R. 37, p. 2]. On April 14, 2022, Plaintiff Phelps filed a putative class action complaint against Defendant in Pulaski County Circuit Court, alleging that Defendant was liable for the data breach, which compromised Plaintiff's and the Class Members' personal information. *See generally* [R. 1-2 ("State Court Docket Sheet")]. On May 13, 2022, Defendant invoked this Court's federal question jurisdiction and removed the case under the Class Action Fairness Act, 28 U.S.C. § 1332(d). *Id.* On August 26, 2022, Defendant filed a Motion to Dismiss under Rule 12(b)(6) for failure to state a claim. [R. 22]. Plaintiff amended his complaint shortly

after, thereby mooting Defendant's motion. [R. 25]. Plaintiff's First Amended Complaint asserts claims against Defendant on behalf of himself and a putative class for (1) negligence, (2) invasion of privacy, (3) unjust enrichment, and (4) breach of implied contract. *See id.* On October 10, 2022, the parties filed a joint notice of settlement and motion to stay this action. [R. 28]; [R. 29]. The Court therefore dismissed this action without prejudice and with express leave to file a motion to redocket by November 28, 2022. [R. 30].

Thereafter, the parties exchanged informal discovery concerning "the allegations in the Amended Complaint, the class size, the types of data impacted in the Data Breach, the amount of insurance coverage Toyotetsu has available for the Data Breach, and information supporting Plaintiff's damages allegations." [R. 37-6, ¶ 7]. The parties then exchanged "a series of offers and demands," and now submit that they "were able to resolve the matter for a non-reversionary common fund of $400,000, plus Defendant's commitment to implement and/or to keep in place, for a period of two years, certain cybersecurity business practices to further limit the potential for future data security incidents." *Id.* at ¶ 10. The Settlement Agreement also requires that Defendant produce certain "additional confirmatory discovery" within thirty days of its execution. *See* [R. 37-2 (Settlement Agreement), ¶ 53]. This settlement would resolve all claims related to the Data Breach on behalf of the Class. *See id.* at ¶ 51 ("Final approval of this Settlement Agreement will settle and resolve with finality, on behalf of the Plaintiff and the Settlement Class, the Litigation and the Released Parties will be released, on the Effective Date, from the Released Claims, as described in Section VII.").

II.    **Analysis**

- 3 -

### a. Class Certification

This matter is brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Rule 23 sets certain requirements for the certification of a class action and requires that any dismissal or compromise of the action be approved by the Court. Fed. R. Civ. P. 23(e). The Court "has broad discretion to decide whether to certify a class." *In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 722 F.3d 838, 850 (6th Cir. 2013), cert. denied, 134 S. Ct. 1277 (2014). "Class certification is appropriate if the court finds, after conducting a 'rigorous analysis,' that the requirements of Rule 23 have been met." *Id.* at 851 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)); *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537 (6th Cir. 2012). To be certified under Rule 23, a putative class must satisfy, by a preponderance of the evidence, each of the four requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 23; *Ruiz v. Citibank, N.A.*, 93 F. Supp. 3d 279, 287 (S.D. N.Y. 2015) (preponderance standard); *Wagner v. White Castle Sys., Inc.*, 309 F.R.D. 425, 430–31 (S.D. Ohio 2015) (citing *Mielo v. Bob Evans Farms, Inc.*, No. 14–1036, 2015 WL 1299815 (W.D. Penn. Mar. 23, 2015)) (finding plaintiffs had not met their burden for certification under Rule 23(a)(2) under preponderance standard).

In addition, a putative class must satisfy the requirements of one of the three provisions of Rule 23(b). The party seeking class certification bears the burden of proof. *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996) (citing *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). This standard is heightened in the context of class certification for settlement purposes. *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen.*

- 4 -

*Motors Corp.*, 497 F.3d 615, 625 (6th Cir. 2007) (finding the Court "must give 'undiluted, even
heightened, attention' to its protections before certifying a settlement-only class—one formed
just for the purpose of settlement, not for litigation.") (quoting *Amchem Prods., Inc. v. Windsor*,
521 U.S. 591, 620 (1997)). In addition to the express requirements of Rule 23, the Sixth Circuit
requires that a putative class be "sufficiently ascertainable." *Rikos v. P&G*, 799 F.3d 497, 525
(6th Cir. 2015), cert. denied, *P&G v. Rikos*, 136 S. Ct. 1493 (2016). "In our circuit, the
ascertainability inquiry is guided by *Young v. Nationwide Mutual Insurance Co.*, 693 F.3d 532
(6th Cir. 2012)." *Id.* Under *Young*, for a putative class to be ascertainable, "'the court must be
able to resolve the question of whether class members are included or excluded from the class
by reference to objective criteria.'" *Id.* (quoting *Young*, 693 F.3d at 539).

In order to satisfy Rule 23(a)(1), a class must be "so numerous that joinder of all members
is impracticable." Fed. R. Civ. P. 23(a)(1). "The reason for [the impracticability] requirement is
obvious. Only when joinder is impracticable is there a need for a class action device." *In re Am.
Med. Sys., Inc.*, 75 F.3d at 1079 (quoting 1 Herbert B. Newberg & Alba Conte, Newberg on Class
Actions, § 3.01, at 3–4 (3d ed. 1992)). There is no strict numerical test for determining
impracticability of joinder. *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 523 n. 24 (6th Cir. 1976)
(and citations therein). Rather, "[t]he numerosity requirement requires examination of the
specific facts of each case and imposes no absolute limitations." *General Tel. Co. v. EEOC*, 446
U.S. 318, 330 (1980). When class size reaches substantial proportions, however, the
impracticability requirement is usually satisfied by the numbers alone. 1 Newberg, § 3.05, at 3–
26.

Here, the putative Settlement Class contains 12,453 persons, which reaches "substantial proportions" by any measure. *Id.* Joinder of all these claims would certainly be impracticable. The Court therefore finds that the putative Settlement Class satisfies the Numerosity requirement of Rule 23(a)(1).

Next, to establish "commonality, the plaintiffs' 'claims must depend on a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Young*, 693 F.3d at 542 (quoting *Dukes*, 564 U.S. at 350). As the Sixth Circuit has explained, the Parties "must show that there is a common question that will yield a common answer for the class (to be resolved later at the merits stage), and that that common answer relates to the actual theory of liability in the case." *Rikos*, 799 F.3d at 505. Here, Plaintiff submits that the putative classes' claims center on "whether Defendant's security environment was adequate to protect Settlement Class Members' Private Information." [R. 37, p. 14]. In addition, Plaintiff notes, "[r]esolution of that inquiry revolves around evidence that does not vary from class member to class member, and so can be fairly resolved—at least for purposes of settlement—for all Settlement Class Members at once." *Id.*

The parties have satisfied this requirement. Indeed, "there need be only one common question to certify a class." *In re Whirlpool Corp.*, 722 F.3d at 853; *see also Dukes*, 564 U.S. at 359 ("We quite agree that for purposes of Rule 23(a)(2) "'[e]ven a single [common] question'" will do."). For purposes of settlement only, the Court agrees that the common questions proposed satisfy Rule 23(a)(2)'s requirements.

- 6 -

Rule 23(a)(3) requires the Parties to show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "As the Supreme Court made clear in *Dukes*, '[t]he commonality and typicality requirements of Rule 23(a) tend to merge.' *Rikos*, 799 F.3d at 509 (quoting *Dukes*, 564 U.S. at 349 n.5). Thus, "many courts have found typicality if the claims or defenses of the representatives and the members of the class stem from a single event or a unitary course of conduct, or if they are based on the same legal or remedial theory." *Id.* (quoting 7A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Fed. Prac. & Proc. § 1764 (3d ed. 2005)).

Plaintiff contends his claims arise out of the same type of factual and legal circumstances surrounding the claims of each Rule 23 Class Member. [R. 37, p. 14]. Specifically, Plaintiff alleges that "the claims all involve Defendant's conduct toward the Settlement Class members, and Plaintiff's and the Class's claims are based on the same legal theories." *Id.* Indeed, Plaintiff sets forth the same alleged injury and requests the same remedial theory for all members of the class. Therefore, the Court finds that the typicality requirement in Rule 23(a)(3) is satisfied.

The Court next considers whether Plaintiff Phelps may adequately represent the class. Class representatives must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Court analyzes that requirement using a two-prong test: "'1) [T]he representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel.'" *In re Am. Med. Sys., Inc.*, 75 F.3d at 1083 (quoting *Senter*, 532 F.2d at 525). In other words, the Court reviews "the adequacy of class representation to determine whether class counsel are

qualified, experienced and generally able to conduct the litigation, and to consider whether the
class members have interests that are not antagonistic to one another." *Stout v. J.D. Byrider*, 228
F.3d 709, 717 (6th Cir. 2000) (citation omitted).

Plaintiff undoubtedly shares common interests with the unnamed class members here. In
his brief, Plaintiff states he "has no conflicts with the Settlement Class and has participated
actively in the case." [R. 37, p. 15]. Further, Plaintiff has actively participated in the case and
vigorously pursued his own and the Class Members' interests. The Court is satisfied that Rule
23(a)(4)'s adequacy requirements and the two-prong test announced by *In re Am. Med. Sys., Inc.*
are satisfied here. Therefore, the Court appoints Named Plaintiff Jonathan Phelps as Class
Representative for settlement purposes only.

Along the same lines, "a court that certifies a class must appoint class counsel." Fed. R.
Civ. P. 23(g). In making that determination, the Court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the
> action; (ii) counsel's experience in handling class actions, other complex litigation,
> and the types of claims asserted in the action; (iii) counsel's knowledge of the
> applicable law; and (iv) the resources that counsel will commit to representing the
> class.

Fed. R. Civ. P. 23(g)(a). Here, the proposed Class Counsel submit that they "have significant
experience in class and complex litigation, including more than 100 data breach class actions in
state and federal courts throughout the country." [R. 37, p. 15].  In addition, Proposed Class
Counsel spent several months investigating the claims at issue, exchanging discovery with
Defendant's counsel, and engaging in arms-length settlement discussions. *Id.* at 3. The proposed
Class Counsel have demonstrated a willingness to commit substantial time and resources to

representing Plaintiff's and the Class Members' claims. The Court therefore appoints Terence R. Coates, Jonathan T. Deters, and Dylan J. Gould of the law firm Markovits, Stock & DeMarco, LLC and Joseph B. Venters of Venters Law Office as Class Counsel for the Rule 23 Class.

The proposed Settlement Class must also meet one of the three requirements in Rule 23(b). Here, the Parties seek certification of the Class under Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members," and that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). These are commonly known as the "predominance" and "superiority" requirements.

In order to meet the requirement of Rule 23(b)(3) that common issues predominate, the Parties must show that "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that are subject only to individualized proof." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 564 (6th Cir. 2007) (quoting *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 136 (2d Cir. 2001)). In his Motion, Plaintiff asserts, "[i]n this case, the common factual and legal questions all cut to the issues 'at the heart of the litigation'" and "the answers to these questions are not tangential or theoretical such that the litigation will not be advanced by certification" but rather "go right to the center of the controversy, and the answers will be the same for each Settlement Class Member." [R. 37, pp. 16–17]. True, the Class Members were all victims of the same data breach in October 2021, and the Class Members' claims center on the same theory of liability concerning Defendant's

security and breach notification policies. Accordingly, Plaintiff has sufficiently established that the predominance requirement of Rule 23(b)(3) is satisfied.

Rule 23(b)(3)'s final requirement is that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The rule is designed to "achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem*, 521 U.S. at 615 (1997) (quoting Fed. R. Civ. P. 23 Advisory Committee Notes). Plaintiff suggests superiority is met here because the proposed Settlement "provides members of the Settlement Class with quick, simple, and certain relief, and contains well-defined administrative procedures to ensure due process" and "includes the right of any Class Member who is dissatisfied with the settlement to object to it or to request exclusion from the Class." [R. 37, p. 17]. Plaintiff further offers that "the cost of litigating each Class Member's case on an individual basis would be substantial for each Class Member" and "the most reasonable and economically feasible method of litigating and resolving these hundreds of claims is through the class device." *Id.* For these reasons, the Court is convinced that class certification, for settlement purposes only, is the most appropriate forum.

The Court finds that the Proposed Settlement Class is also sufficiently ascertainable. *Rikos*, 799 F.3d at 525. As stated, Rule 23(b)(3) requires that a "class definition [] be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class." *Young*, 693 F.3d at 537–38. Here, the class consists of current and former employees of Defendant, and the parties certify that Defendant

- 10 -

can identify the 12,453 individuals through its company records. *See Speerly v. Gen. Motors, LLC*, No. 19-11044, 2023 WL 2572457, at *21 (E.D. Mich. Mar. 20, 2023) (finding classes reasonably ascertainable in product defect litigation from "detailed sale and warranty records and other associated public record information that disclose the ownership, service record, and state of registration" for all class members' vehicles and where parties "exchanged substantial discovery disclosures identifying with reasonable precision the population of class vehicles sold"); *Am. Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, 757 F.3d 540, 545 (6th Cir. 2014) (affirming district court's finding that class was sufficiently ascertainable where fax logs identified individuals who received unsolicited advertisement in violation of the TCPA).

The parties have agreed that "Defendant, with the assistance of the Settlement Administrator, shall create a 'Class List' of all names, emails, and/or mailing addresses of potential Settlement Class Members, to the extent such information was contained in the original list used to send to Class Members notice about the Data Breach." [R. 37, p. 6]; *see also* [R. 37-2 (Settlement Agreement), ¶ 65(b)]. Atticus would then account for all claims made and exclusions requested, determine eligibility, and disburse funds from the Settlement Escrow Account to Class Members. The Court finds this method is both administratively feasible and sufficiently objective to inform the Court of who is included and who is not following the close of the proposed Notice Period. The ascertainability requirement is therefore met.

For the above reasons, the Court finds that Plaintiff, as the Class Representative, has sufficiently satisfied the requirements of Rule 23(a) and (b). Accordingly, the Court finds that certification of the class for purposes of settlement is appropriate in this case.

### b. Notice Materials

Rule 23(e) requires the Court to direct notice "in a reasonable manner to all class members who would be bound by the [proposed settlement] . . ." Fed. R. Civ. P. 23(e)(1)(B). Specifically, "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B) (discussing Notice requirements for Rule 23(b)(3) classes); *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 173 (1974) ("Individual notice must be sent to all class members whose names and addresses may be ascertained through reasonable effort."). Notice must include the following information in plain, easily understood language:

> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B)(i)–(vii). "Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Bellinghausen v. Tractor Supply Co.*, 303 F.R.D. 611, 624 (N.D. Cal. 2014) (quoting *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004)).

Here, the proffered Notice Materials meet the requirements of Rule 23. The information in these Notice Materials include: (1) general information about the lawsuit; (2) a basic summary of class action litigation; (3) the purpose of the notice; (4) who is included in the class; (5) who

- 12 -

is representing the class as counsel; (6) a breakdown of the terms and benefits of the Rule 23 Settlement; (7) information concerning the Fairness Hearing; (8) how to object; (9) how to opt out; (10) how to examine court records; and (11) how to contact Class Counsel with additional questions. *See* [R. 37-5 (Notice Materials)]; *see also* [R. 37-3 (Short Form Notice)].

The Parties' settlement timeline proposes that Defendants provide the Claims Administrator with a list in electronic form of the Rule 23 Class, including names and mailing addresses or email addresses (where mailing addresses are not available), within seven (7) business days after the Court preliminarily approves the Rule 23 Settlement. [R. 37, p. 6]; [R. 37-1, p. 3]. Then, within fourteen (14) days of preliminary approval, the Claims Administrator will post the Notice Materials on a website established and administered by the Settlement Administrator (the "Settlement Website"), and within thirty (30) days the Claims Administrator will mail or email to the Rule 23 Class the Notice Materials. [R. 37, pp. 6–7]; [R. 37-1, pp. 3–4]. Then, the putative class members of the Rule 23 Class will have ninety (90) days from preliminary approval (sixty (60) days from the Notice Deadline) to consider the proposed Rule 23 Settlement and opt out of the settlement or submit objections. [R. 37-1, p. 5]. The deadline for class members to submit claims will be one-hundred-twenty (120) days from preliminary approval (ninety (90) days from the Notice Deadline). *Id.* The initially approved claims list shall be completed within one-hundred-sixty-five (165) days of preliminary approval, and the Parties request that the Fairness Hearing be held one-hundred-eighty (180) days, at minimum, from preliminary approval. *Id.*

The Court finds that the Class Notice process outlined above satisfies the requirements of Rule 23, and appoints Atticus Administration to act as the settlement Claims Administrator. Upon preliminary approval of the Rule 23 Settlement, Atticus Administration may send the Notice Materials in accordance with the terms of the Parties' Agreement.

### c.  Preliminary Approval of the Settlement Agreement

Class action suits may only be settled with the Court's approval. *See* Fed. R. Civ. P. 23(e). Approval of a class action settlement involves two-stages: (1) "The judge reviews the proposal preliminarily to determine whether it is sufficient to warrant public notice and a hearing"; and (2) "If so, the final decision on approval is made after the hearing." Ann. Manual Complex Lit. (Fourth) § 13.14 (2019); *see also Thacker v. Chesapeake Appalachia, L.L.C.*, 259 F.R.D. 262, 270 (E.D. Ky. 2009). "At the stage of preliminary approval, the questions are simpler, and the court is not expected to, and probably should not, engage in analysis as rigorous as is appropriate for final approval." *Spine & Sports Chiropractic, Inc. v. ZirMed, Inc.*, No. 3:13-CV-00489, 2015 WL 1976398, at *1 (W.D. Ky. May 4, 2015) (quoting Ann. Manual Complex Lit. § 21.662 (4th ed.)). Courts must sufficiently scrutinize a proposed settlement agreement so to avoid "rubber-stamp[ing]" while still being "mindful of the substantial judicial processes that remain to test the assumptions and representations upon which the [proposed settlement agreement] are premised." *In re Inter-Op Hip Liab. Litig.*, 204 F.R.D. 330, 338 (N.D. Ohio 2001).

Once a class has been approved, the Court may approve a settlement that will bind class members "only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2) (and list provided therein). "The procedure for approving a class action

settlement includes three steps: (1) the court must preliminarily approve the settlement; (2) the class members must be given notice of the proposed settlement; and (3) the court must hold a hearing to determine whether the proposed settlement is fair, reasonable, and adequate." *Thacker*, 259 F.R.D. 262, 270 (E.D. Ky. 2009) (citing *Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 565–66 (6th Cir. 2001)).

Here, the Court is being asked to preliminarily approve the Parties' Rule 23 Settlement. In the context of class actions, the Court must carefully scrutinize the settlement to ensure that it is a fair compromise of claims for those Class Members who have not yet joined in this litigation. The Court cannot rely entirely upon the Parties' negotiations alone to determine that the Rule 23 Settlement is appropriate to resolve the entire class's claims. In this context, "the adversarial process . . . extends only to the amounts the Defendant[s] are willing to pay, not the manner in which that amount is allocated between the class representatives, class counsel, and unnamed class members." *In re Dry Max Pampers Litig.*, 724 F.3d 713, 717–18 (6th Cir. 2013). This is so because "the economic reality [is] that a settling defendant is concerned only with its total liability . . ." *Id.* (quoting *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849 (5th Cir. 1998)) (alterations in original). Therefore, unlike every other kind of case, the Court cannot rely entirely on the adversarial process (settlement negotiations) alone to "protect the interests of the persons most affected by the litigation—namely, the class. Instead, the law relies upon the 'fiduciary obligation[s]' of the class representatives and, especially, class counsel, to protect those interests." *Id.* (citing *Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 917 (7th Cir. 2011)).

That said, Plaintiff submits that arm's-length negotiations led to settlement in this case, and that such arms-length negotiations, when "conducted by competent counsel[,] constitute prima facie evidence of fair settlements." [R. 37, p. 9]. True, that the settlement was reached through arms-length negotiations counsels in favor of approval. *See Roland v. Convergys Customer Mgmt. Grp. Inc.*, No. 1:15-CV-00325, 2017 WL 977589, at *1 (S.D. Ohio Mar. 10, 2017) (noting that settlement was "reached after good faith, arms' length negotiations, warranting a presumption in favor of approval"); *Brotherton v. Cleveland*, 141 F. Supp. 2d 894, 906 (S.D. Ohio 2001) (absence of any evidence suggesting collusion or illegality "lends toward a determination that the agreed proposed settlement was fair, adequate and reasonable").

Nevertheless, the Court must carefully scrutinize whether the necessary fiduciary obligations have been met. *Id.* The Court must first determine that the Rule 23 Settlement is "fair, reasonable, and adequate . . ." Fed. R. Civ. P. 23(e)(2). Under Rule 23(e)(2), settlement is "fair, reasonable, and adequate" if:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
> > (i) the costs, risks, and delay of trial and appeal;
> > (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class- member claims;
> > (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
> > (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Additional factors that guide this inquiry include: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *Whitlock v. FSL Mgmt., LLC*, 843 F.3d 1084, 1093 (6th Cir. 2016) (citing *UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007)). It is incumbent upon the Court to analyze the relevant factors before concluding that the settlement is fair and reasonable. *In re Dry Max Pampers Litig.*, 724 F.3d at 717–18; *Redington v. Goodyear Tire & Rubber Co.*, 2008 WL 3981461, at *11 (N.D. Ohio August 22, 2008). The Court will therefore set a fairness hearing to make these determinations, among others.

Lastly, as for the settlement terms themselves, the Rule 23 Settlement calls for a Maximum Settlement Amount of $400,000 from Defendants. [R. 37, p. 4]. The Settlement Fund would be used to pay $250 to each Class Member who submits a valid claim, to be increased or decreased pro rata after paying any Class Member's documented monetary losses (up to $5,000 per claimant for documented losses that are fairly traceable to the Data Breach), for attorneys' fees and expenses, for the proposed $5,000 Class Representative Service Award, and for the costs of Settlement Administration. [R. 37, pp. 4–5]. The Settlement Fund is non-reversionary. *See* [R. 37-2, p. 8]. Thus, if any excess funds remain after fees and expenses are paid, they would be evenly distributed among Class Members who submitted valid claims. *Id.*

Class Counsel states they will seek attorneys' fees not to exceed one-third of the Settlement Fund, or $133,333.33,[1] and for reimbursement of their reasonable costs and litigation expenses not to exceed $15,000, which shall be paid from the Settlement Fund. *Id.* at 7–8. Plaintiff certifies that Atticus Administration's fee will not exceed $35,000. *Id.* at 7. After all these expenses, approximately $211,666.67, more than half the Settlement Fund, would be left for disbursement to Class Members.

The Court finds the above structure appears to be a fair, reasonable, and adequate settlement of the Rule 23 Class. Class Members would be compensated on a sliding scale based on their provable losses as a result of the Data Breach, and could receive between $250 and $5,000. *Id.* at 5. Such losses may include "unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Breach through the date of claim submission; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone Charges." *Id.* As Plaintiff acknowledges, this is an "outstanding benefit." [R. 37, p. 11]. Moreover, as is the case with many putative class actions, the "uncertainty of the outcome of [] litigation makes it more reasonable for the plaintiffs to accept [a] settlement offer

---

[1] Although Class Counsel plans to separately move for approval of their attorneys' fees, the Court notes, for the sake of this preliminary approval, that courts in the Sixth Circuit have found attorneys' fees in the amount of one-third of the common fund reasonable and appropriate. *See Clevenger v. Dillards, Inc.*, No. C-1-02-558, 2007 WL 764291, at *3, (S.D. Ohio March 9, 2007) (counting cases and finding twenty-nine percent fee to be "modest and . . . below what is often awarded by district courts in this Circuit"); *In re Automotive Parts Antitrust Litigation*, No. 12-md-02311, 2022 WL 4385345, at *2 (E.D. Mich. Sept. 22, 2022) (finding attorneys' award of one-third of class action settlement fund "is within the range of fee awards made by courts in this Circuit"); *Walker v. Nautilus, Inc.*, No. 2:20-cv-3414-EAS (S.D. Ohio 2020) (awarding attorneys' fees of one-third of $4.25 million common fund).

- 18 -

from the defendant." *Miracle v. Bullitt Cnty., Ky.*, No. CIV.A. 05-130-C, 2008 WL 3850477, at *6 (W.D. Ky. Aug. 15, 2008). For all these reasons, the Court will preliminarily approve the settlement as set forth in the Settlement Agreement.

### III.    Conclusion

Based on the foregoing, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement is **GRANTED.** The parties' Settlement Agreement is **PRELIMINARILY APPROVED.**

2. The Settlement Class defined in the Parties' Settlement Agreement is **CONDITIONALLY CERTIFIED** for settlement purposes only.

3. Plaintiff Jonathan Phelps is **APPOINTED** as class representative. The Service Payment to Plaintiff Jonathan Phelps of $5,000 is **PRELIMINARILY APPROVED**.

4. Terence R. Coates, Jonathan T. Deters, and Dylan J. Gould of the law firm Markovits, Stock & DeMarco, LLC and Joseph B. Venters of Venters Law Office are **APPOINTED** as Class Counsel for the Rule 23 Class.

5. Atticus Administration is **APPOINTED** as Settlement Administrator to administer the settlement in accordance with the Settlement Agreement.

6. The proposed Notice Materials are **APPROVED**. Notice to class members shall proceed as set forth in the parties' settlement agreement. The proposed implementation of the Settlement Website is further **APPROVED**.

7.  A fairness hearing is **SET** for **Tuesday, October 24, 2023** at the hour of **10 a.m.** before the Honorable Claria Horn Boom, United States District Judge, in **London, Kentucky** to determine, among other things:

(a) whether the Action should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a), and (b)(3);

(b) whether the settlement of the Action should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e);

(c) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

(d) whether Class Members should be bound by the release set forth in the Settlement Agreement;

(e) whether the forthcoming application of Class Counsel for an award of Attorneys' Fees of up to one-third of the Settlement Fund (approximately $133,333.33) and litigation expenses of up to $15,000 should be approved pursuant to Fed. R. Civ. P. 23(h); and

(f) whether the application of the named Plaintiff for an incentive award of $5,000 should be approved.

Consistent with the Parties' proposed schedule, Class Counsels' application for attorneys' fees and expenses shall be filed with the Court no later than seventy-six (76) days from entry of this Order.

- 20 -

8. The Fairness Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to the Settlement Classes except to those Class Members who file timely objections to the Settlement. After the Fairness Hearing, the Court may enter a Final Settlement Approval Order and Final Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all Class Members.

9. All proceedings in this Action are stayed, other than proceedings relating to the approval of the class action settlement. Class Members who do not timely and validly exclude themselves from the Settlement Agreement are enjoined from prosecuting any non-filed or pending individual or class claims asserting any claim(s) encompassed by the claims described in the Settlement Agreement.

10. Any Class Member who timely and properly elects to exclude themselves from this Settlement may proceed with his or her own action. All requests to opt out or object to the proposed Settlement must be received by the Settlement Administrator no later than sixty (60) days after the Notice Date. Any request to opt out of the Settlement should, to the extent possible, contain words or phrases such as "opt-out," "opt out," "exclusion," or words or phrases indicating an intent not to participate in the Settlement or be bound by the Settlement Agreement). Opt-Out notices shall not be rejected simply because they were inadvertently sent to the Court or Class Counsel so long as they are timely postmarked or received by the Court, Atticus Administration, or Class Counsel. Class Members who seek to Opt-Out shall receive no benefit or compensation under the Settlement Agreement.

11. For a claim to be timely under the Settlement, a Claim Form must be either postmarked or received by the Settlement Administrator no later than ninety (90) days after the Notice Date. Class Counsel and the Settlement Administrator shall ensure that all specific dates and deadlines are added to the Class Notice and posted on the Settlement Website.

12. Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). For an Objection to be valid, it must be filed with the Court within sixty (60) days of the Notice Date and include each and all of the following:

(i) the Class Member's full name, address, and current telephone number;

(ii) the name and number of this case;

(iii) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials;

(iv) the identification of any other objections he/she has filed, or has had filed on his/her behalf, in any other class action cases in the last four years; and,

(v) the objector's signature. If represented by counsel, the objecting Settlement Class Member must also provide the name and telephone number of his/her counsel. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he/she must state as such in the written objection, and must also identify any witnesses he/she may call to testify at the Final Approval Hearing and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection.

Any Objection failing to include the requirements expressed above will be deemed to be invalid. Furthermore, any Class Member objecting to the Settlement agrees to submit to any discovery related to the Objection.

13. This Order shall become null and void and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if:

(a) the settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement Agreement;

(b) the settlement is terminated in accordance with Section XIV of the Settlement Agreement; or

(c) the settlement does not become effective as required by the terms of the Settlement Agreement for any other reason.

In such event, the settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the settlement shall be used or referred to for any purpose whatsoever.

14. This Order shall be of no force or effect if the settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiff or the other Class Members that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have in this Action or in any other

- 23 -

lawsuit.

15. This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Class.

16. All other deadlines set forth in the Parties' proposed schedule [R. 37-1, pp. 4–5] shall apply. When any period of time set by this Order ends on a date certain and that date certain falls upon a Saturday, Sunday, or legal holiday, the period of time continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

This the 25th day of April, 2023.

*Claria Horn Boom*

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:    Counsel of record